FORT DODGE CULVERT & STEEL COMPANY, Appellee, v. PAUL MILLER et al., Appellants.

**EVIDENCE: Materiality and Competency—Issue of Liability on Bond.**
1  In an action on a bond running to a subcontractor on a public improvement and conditioned to pay whatever amount may be found due him from the principal contractor, a stipulation for judgment signed by the said contractor and subcontractor is material and competent on the issue of the proper amount due the subcontractor.

**BONDS: Statutory Bonds—Execution—Sufficiency.**  A statutory bond
2  conditioned to pay a subcontractor on a public improvement the amount owed him by the principal contractor need not be signed by the latter.

Headnote 1:  22 C. J. p. 405.   Headnote 2:   28 Cyc. p. 1064 (Anno.); 32 Cyc. p. 42.

*Appeal from Woodbury District Court.—*C. C. HAMILTON, Judge.

DECEMBER 15, 1925.

ACTION to recover money on a bond filed March 16, 1923, with the city treasurer of Sioux City, Iowa, to release a claim made by the plaintiff-appellee for materials furnished in the construction of public improvements, known as the Leeds storm sewer. Verdict of jury and judgment thereon for the plaintiff. Defendants, as principal and surety on the bond, appeal.—*Affirmed.*

*J. P. Shoup,* for appellants.

*Kass Bros.,* for appellee F. E. West.

*Maennel & Gunnell,* for appellee Fort Dodge Culvert & Steel Co. .

DE GRAFF, J.—The city of Sioux City entered into contracts with F. E. West for the construction of three public improvements, to wit: a storm sewer from the Illinois Central right of way to the Floyd River; also one from the south line of the Illinois. Central Railroad to a point 20 feet south of the south line of Forty-first Street; also storm sewer in Harrison Street from a point 20 feet south of the south line of Forty-first Street to Forty-fifth Street. West purchased from the plaintiff Fort Dodge Culvert & Steel Company materials to the alleged value of $1,025.27, and failed to pay therefor. Thereupon the plaintiff filed, as subcontractor, in the office of the city treasurer of Sioux City, as provided by statute, a statement in writing, claiming said amount to be due it from F. E. West for the materials so furnished in the construction of the storm sewer. Thereafter, a bond to release said claim was executed and filed with the city treasurer of Sioux City, pursuant to Section 3102, Code of 1897, as amended by Chapter 380 of the Acts of the Thirty-eighth General Assembly, and Section 3104, Code of 1897, as amended by Chapter 53 of the Acts of the Thirty-eighth General Assembly. Whereupon the funds were released, and the city treasurer paid F. E. West the amount of money due him.

This action is brought against West, as contractor, Paul Miller, as principal, and the Southern Surety Company, as surety on the bond filed. The defendant West filed in said cause a stipulation as follows:

"It is hereby stipulated and agreed by and between the Fort Dodge Culvert & Steel Company, plaintiff herein, and F. E. West, one of the defendants herein, through their respective attorneys, that the answer and counterclaim filed herein on behalf of F. E. West, the defendant, by Kass Bros., his attorneys, be and the same is hereby withdrawn from the files and records of the above entitled cause. It is further stipulated and agreed that the defendant, F. E. West, admits the allegations of the plaintiff's petition, filed herein, and that judgment may be

entered by default against F. E. West, the defendant herein, as prayed in plaintiff's petition.''

This stipulation was signed by attorneys for the plaintiff and by attorneys for defendant F. E. West, and filed with H. M. Henderson, clerk, on January 26, 1924.

By virtue of the withdrawal of the answer by the defendant West and the stipulation filed of record, judgment was entered against him in the amount prayed. This judgment has never been challenged in any manner by anyone. Subsequently, the cause as to the other defendants was tried, and the verdict returned in favor of plaintiff in the same amount. The primary question on this appeal involves the competency and sufficiency of the evidence.

The stipulation was offered and received in evidence over the objection that it was immaterial, incompetent, and not admissible against the defendants Miller and the Southern Surety Company. The objection was properly overruled. Clearly, the stipulation was competent as an admission on the part of F. E. West that he owed the Fort Dodge Culvert & Steel Company the sum of $1,025.27, as alleged in plaintiff's petition. 22 Corpus Juris 405, Section 483, with notes.

1. EVIDENCE: materiality and competency: issue of liability on bond.

The bond filed in this case was pursuant to Section 3104 of the Code of 1897, as amended, which provides, in substance, that the contractor may, at any time, release such claim by filing with the treasurer of such corporation a bond for the benefit of such claimant, conditioned for the payment of any sum which may be found due such claimant, and that no provisions of any bond or contract to the contrary shall affect any of the provisions of Section 3104 and the two preceding sections, to wit, 3103 and 3102.

It is made plain, therefore, by the statute in question that the signers of such a bond are bound to pay whatever is found due the claimant, and that no clause or condition in the bond providing otherwise shall be of any validity.

No evidence was offered to impeach the good faith of the debtor in making the stipulated admission, or to suggest any collusion with the creditor, or to prove that the pleaded account

is not the account of F. E. West with the plaintiff. The bond itself provides:

"The condition of the above obligation is such, that whereas the said Fort Dodge Culvert & Steel Company, did as a subcontractor, on the 15th day of January, 1923, file in the office of the city treasurer of said city of Sioux City, Iowa, a statement in writing in which was claimed the sum of one thousand thirty and 90/100 dollars, as justly due them from F. E. West for material claimed to have been furnished in the construction of a public improvement therein named as Leeds Storm Sewer. Now, therefore, if the above principal shall well and truly pay to the said Fort Dodge Culvert & Steel Company, the full amount of any sum that may be found due claimant on said claim so filed aforesaid therein, then this obligation to be void, otherwise to remain in full force and virtue."

In truth and in fact, F. E. West was the principal, and, under the terms of the statute, which are read into the bond and which form a part thereof, he must be so viewed. The absence of his signature does not affect the validity of the bond or affect the liability of the parties. 32 Cyc. 41. A principal, as distinguished from a surety, by the provisions of the statute in question, means the person who is primarily liable under the obligation and who receives the benefit for which the obligation was given. This was F. E. West, in the instant case. The record before us does not disclose any evidence tending to prove the relationship between Paul Miller and F. E. West, or between Miller and the plaintiff-claimant or the city of Sioux City. The very purpose of this bond was to release the funds in the hands of the city treasurer to F. E. West, and to secure the claimant who had filed a statutory lien. The amount "found to be due" has been determined, and this constitutes the obligation of the bond. No evidence was submitted to the contrary. It is obvious, therefore, that it was the duty of the jurors, if they followed the evidence and the instructions of the court, to return the verdict which they did return. The admission of certain other evidence to which exception was taken, even though erroneous, constituted error without prejudice. This view of the case does not

2. Bonds: statutory bonds: execution: sufficiency.

require us to consider the other assignments of error based thereon.

Wherefore, the judgment entered by the trial court is—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.